UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ORIGINAL GOURMET FOOD COMPANY, INC. <br><br> Petitioner, <br><br> v. <br><br> JELLY BELLY CANDY COMPANY <br><br> Respondent. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 1:11-cv-0539 <br> **JURY DEMAND** |

PETITION FOR DECLARATORY JUDGMENT

DEMAND FOR JURY TRIAL

NOW COMES the Petitioner, Original Gourmet Food Company, Inc., ("Original Gourmet"), through its attorneys, Daniels Patent Law, PLLC, and pursuant to 28 U.S.C. § 2201(a) files this Petition for Declaratory Judgment against Jelly Belly Candy Company ("Jelly Belly"). In support of its Petition for Declaratory Judgment, Petitioner states and avers as follows:

PRELIMINARY STATEMENT

This is an action seeking a declaration that Petitioner Original Gourmet's use of its Original Gourmet Food Co. trade name, as well as its ORIGINAL GOURMET trademark as evidenced in U.S. Trademark Application Serial No. 85/101,655, and the ORIGINAL GOURMET mark and design as embodied in U.S. Trademark Registration No. 3,077,543, including the distinctive chef's hat and slanted stylized *O*, does not infringe any rights of

Respondent Jelly Belly.  A copy of Original Gourmet's U.S. Trademark Application Serial No. 85/101,655 and Registration No. 3,077,543 are attached hereto as Exhibits A and B, respectively.

## THE PARTIES

1. Original Gourmet, Petitioner, is a corporation incorporated under the laws of the State of New Hampshire, with its principal place of business at 52 Stiles Road, Suite 201, Salem, NH  03709.

2. Jelly Belly, Respondent, is a corporation organized under the laws of California, with its corporate office and headquarters located at One Jelly Belly Lane, Fairfield, CA  94533.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court because this litigation arises under federal law, namely 15 U.S.C. § 1051 et seq. (Lanham Act).  The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

4. This Court has personal jurisdiction over Jelly Belly, because Jelly Belly conducts business in the State of New Hampshire, including selling its products to New Hampshire companies, making its products available at New Hampshire stores, and advertising and selling its products through the Internet to New Hampshire residents, e.g., through their website, www.jellybelly.com.  In addition, Jelly Belly has sent two (2) cease and desist letters to Original Gourmet in New Hampshire.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

6.      This action for declaratory judgment is proper and timely.  An actual case or controversy exists between the parties as evidenced by Jelly Belly's request for an extension of time for opposition and cease and desist letters, as described in further detail below.

## STATEMENT OF FACTS

7.      Original Gourmet was incorporated in February, 2000, and has used the Original Gourmet Food Co. trade name since that time.  In addition, Original Gourmet has used its ORIGINAL GOURMET trademark in commerce since at least as early as September 30, 2004, as evidenced by Petitioner's incontestable U.S. Trademark Registration No. 3,077,543 (the "`543 trademark").

8.      Petitioner has used the Original Gourmet Food Co. trade name, ORIGINAL GOURMET trademark, and ORIGINAL GOURMET mark and design as embodied in the `543 trademark on baked goods, e.g., pretzels, brownies, cookies, wafers, and popcorn, and also on candy.  Original Gourmet produces a line of unique gourmet lollipops, and sells these lollipops in commerce under the ORIGINAL GOURMET trademark.

9.      On July 7, 2011, Respondent Jelly Belly filed a 30 day request for extension of time with the United States Patent and Trademark Office to oppose Original Gourmet's trademark application Ser. No. 85/101,655 (the "`655 application") for cookies.

10.     On July 19, 2011, Respondent Jelly Belly sent a first cease and desist letter to Petitioner Original Gourmet regarding the infringement of Jelly Belly's trademarks.  The first cease and desist letter specifically requested that Original Gourmet cease all use of the ORIGINAL GOURMET mark on candy.  A redacted copy of the first cease and desist letter is attached hereto as Exhibit C.

11. Among other things, Jelly Belly asserted that Original Gourmet's use of its trademark(s), ORIGINAL GOURMET, in connection with candy, is likely to cause consumer confusion in light of the following Jelly Belly trademarks: U.S. Trademark Registration Nos. 1,942,689 and 3,771,488 for "THE ORIGINAL GOURMET JELLY BEAN", attached hereto as Exhibits D and E, respectively; U.S. Trademark Registration Nos. 2,085,121 and 3,378,061 for "THE ORIGINAL GOURMET CANDY CORN," attached hereto as Exhibit F and G, respectively; and U.S. Trademark Registration No. 3,391,945 for "THE ORIGINAL GOURMET JELLY BEAN JELLY BELLY" and anthropomorphic character, attached hereto as Exhibit H.

12. On July 27, 2011, Original Gourmet responded to the first cease and desist letter by sending a first reply letter, refuting Jelly Belly's positions. Original Gourmet stated that its use of its trade name and trademarks does not conflict with Jelly Belly's asserted rights, in part because there was no likelihood of confusion between Petitioner's and Respondent's marks.

13. On August 25, 2011, Jelly Belly sent a second cease and desist letter to Original Gourmet stating that Original Gourmet's positions in its first reply letter are not supported by law and continuing to demand that Original Gourmet cease use of ORIGINAL GOURMET on candy. A redacted copy of the second cease and desist letter is attached hereto as Exhibit I.

14. On September 28, 2011, Respondent Jelly Belly filed a 90 day request for extension of time with the United States Patent and Trademark Office extending the time to oppose Original Gourmet's `655 application until December 4, 2011.

15. On October 3, 2011, Original Gourmet's counsel, Scott A. Daniels, telephoned Jelly Belly's counsel, Mr. Jonathan Hyman, and left a voice message indicating a desire to discuss the issues.

16. On October 4, 2011, Original Gourmet responded to Jelly Belly with a second reply letter, once again refuting Jelly Belly's positions.

17. On October 28, 2011 a telephone discussion was undertaken between Original Gourmet's counsel, Scott A. Daniels, and Jelly Belly's counsel, Mr. Jonathan Hyman, regarding the dispute over Original Gourmet's use of its trade name and trademarks. No agreement was reached regarding the parties' respective trademark rights.

18. Accordingly, it is reasonable for Original Gourmet to anticipate that if it continues to use its ORIGINAL GOURMET marks, Respondents will file an infringement action against Original Gourmet.

19. Although Jelly Belly has filed requests for extension of time to file an opposition for the `655 application, they have not filed an actual opposition yet. Even if they had filed an opposition, that opposition would not resolve all of the issues between the parties, namely Original Gourmet's continued right to use the ORIGINAL GOURMET trademarks in connection with candy and baked goods.

20. Therefore, the interests of the parties and judicial economy are best served by obtaining a decision as to Original Gourmet's continued right to use its trade name and trademarks in connection with candy and baked goods.

## COUNT I – ORIGINAL GOURMET

21. Original Gourmet hereby restates and re-alleges the allegations set forth in paragraphs 1-20.

22. An actual and justiciable controversy exists between the parties in that Respondent Jelly Belly claims it has rights and interest to the phrase "Original Gourmet" and that Original Gourmet's use of its Original Gourmet Food Co. trade name, ORIGINAL

GOURMET trademark, and ORIGINAL GOURMET marks as embodied in the `543 trademark and `655 application would cause a likelihood of confusion as to the source of Original Gourmet's goods.

23. Original Gourmet denies there is a likelihood of confusion between its use of its trade name and trademarks in connection with candy and baked goods and Jelly Belly's valid trademarks as used on their respective goods.

24. Original Gourmet also denies that Jelly Belly is solely entitled to trademark rights in the phrase "Original Gourmet."

25. After multiple letters, emails, and phone calls, the controversy between the parties has not been resolved, thus, a declaration from the Court is needed to resolve the controversy. The Court is authorized to issue a declaration of rights under these circumstances pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

26. Accordingly, Original Gourmet hereby seeks a declaratory judgment that Original Gourmet's use of its Original Gourmet Food Co. trade name, ORIGINAL GOURMET trademark, and ORIGINAL GOURMET marks as embodied in the `543 trademark and `655 application does not infringe any valid trademark rights of Jelly Belly.

## PRAYER FOR RELIEF

WHEREFORE, Original Gourmet respectfully requests this Honorable Court rule, order, and decree:

A. Original Gourmet's use of its Original Gourmet Food Co. trade name in connection with candy and baked goods does not infringe any of Jelly Belly's valid trademark rights;

B. Original Gourmet's use of its ORIGINAL GOURMET trademarks in connection with candy and baked goods does not infringe any of Jelly Belly's valid trademark rights;

C. Original Gourmet's use of its ORIGINAL GOURMET mark and design as embodied in U.S. Trademark Registration No. 3,077,543 in connection with candy and baked goods does not infringe any of Jelly Belly's valid trademark rights;

D. Original Gourmet's use of its ORIGINAL GOURMET mark as evidenced in U.S. Trademark Application Serial No. 85/101,655 in connection with candy and baked goods does not infringe any of Jelly Belly's valid trademark rights;

E. In the alternative, to the extent that Jelly Belly has obtained sole trademark rights in the phrase "Original Gourmet," that such rights are limited to the goods of jelly beans and candy corn;

F. Award Original Gourmet its costs and attorney's fees; and

G. Enter such other further relief to which Original Gourmet may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

/s/ Scott Daniels
Scott Daniels
N.H State Bar No. 14001
Daniels Patent Law PLLC
43 Centre Street
Concord, New Hampshire 03301
Telephone: (603)226-8610
Fax: (603)226-8611
scott@danielspatentlaw.com

Attorney for Petitioner

**CERTIFICATE OF SERVICE**

  I hereby certify that on this _____ day of _____, \_\_\_\_, I have caused a true copy of the foregoing COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK RIGHTS to be served via 1st Class Mail on the \_\_\_ day of _____, \_\_\_\_ on the following counsel of record:

 Jonathan Hyman
 CA Bar No. 266723
 Knobbe Martens Olson & Bear LLP
 10100 Santa Monica Blvd
 16th Floor
 Los Angeles, CA 90067
 Telephone: (310)551-3450
 Fax: (310)551-3458
 jhyman@kmob.com

                /s/ Scott A. Daniels
                Scott A. Daniels